**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-11-03815-JGZ-LCK |
| Plaintiff, | **ORDER** |
| v. | |
| Jacquelyn Michelle White, | |
| Defendant. | |

Pending before the Court is Defendant Jacquelyn Michelle White's Motion to Amend Sentence. (Doc. 62.)

Defendant is currently serving a state sentence. Upon completion of that sentence, she will be turned over to federal authorities for service of a federal sentence imposed by this Court. The Arizona Board of Executive Clemency has recommended to Governor Dicey, that he approve Defendant's early release because Defendant has a terminal health condition. For the same reason, Defendant requests that this Court amend Defendant's federal sentence to time-served, or recommend to the Bureau of Prisons that Defendant's state prison be designated a federal facility so that her federal sentence will run concurrently with the state term. In the alternative, Defendant seeks compassionate release pursuant to 18 U.S.C. § 3582.

The Court finds no authority which would allow it to amend the sentence it imposed in June 2013. Compassionate release can be considered pursuant to 18 U.S.C. § 3582,

however, prior administrative exhaustion of remedies is required.[1]  The government states that BOP counsel would facilitate processing of a request by Defendant for nunc pro tunc federal designation if Defendant would make such a request.

As Defendant is in state custody, the administrative exhaustion required under 18 U.S.C. § 3582 would admittedly be challenging, but the government's offer of expedited review of a designation request would presumably satisfy the administrative exhaustion requirement of 18 U.S.C. § 3582 in the present circumstances.  Accordingly, the Court will direct the Defendant to exhaust her administrative remedies by making her request for federal designation to Bureau of Prisons in the manner stated and facilitated by the government.  If the request is not acted upon within thirty days, the Court will consider the Defendant's administrative remedies exhausted for purposes of 18 U.S.C. § 3582, and Defendant shall so notify the Court that the motion is ripe for consideration.

Accordingly, IT IS ORDERED that the motion is held in abeyance.

Dated this 27th day of October, 2020.

_____
Honorable Jennifer G. Zipps
United States District Judge

---

[1] Section 3582 permits a court to reduce a term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). When a statute contains "mandatory language . . . a court may not excuse a failure to exhaust." *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016).  The language of § 3582 contains no signal that administrative exhaustion or the passage of at least 30 days is optional. That is, the statutory language allows a prisoner to proceed to court only after "fully exhaust[ing] all administrative rights" or upon "the lapse of 30 days" after submitting a request to her warden.  The statute gives two options, which implicitly precludes other possibilities. *See, e.g.*, *Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881, 885 (9th Cir. 2005) ("The doctrine of *expressio unius est exclusio alterius* as applied to statutory interpretation creates a presumption that when a statute designates certain persons, things, or manners of operation, all omissions should be understood as exclusions.").